**MITCH GUTHRIE, *esq.***
Phelan & Guthrie
1811 Evans Ave.
Cheyenne, WY 82001
(307) 630-6698

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 JUN 25 PM 4: 05

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING
Civil Action No: 20-cv-115-C

| | |
|---|---|
| Travis Salway,　　　　　　　　　　　) | |
| 　　　Plaintiff,　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　　　) | |
| Eric Norris,　　　　　　　　　　　　) | |
| 　　　Defendants.　　　　　　　　　　) | Complaint and jury demand |

COMES NOW Travis Salway, Plaintiff in the above-captioned matter, by and through his counsel of record, Mitch Guthrie, for his cause of action against the Defendant, to state, allege and aver, as follows:

1) Plaintiff is a Native American, and enrolled member of the Oglala Sioux nation and resident of Cheyenne, Laramie County, Wyoming.

2) Defendant, Eric Norris, is a police officer employed by the City of Cheyenne, Police Department.

3) Any and all actions undertaken by Defendant were taken under color of state law.

4) This action is brought pursuant to the provisions of 28 U.S.C. §§1331 and 1332 and 42 U.S.C. §1983. The proper venue for this action is the United States District Court for the District of Wyoming because

the action on admission complained on herein occurred in Cheyenne, Laramie County, Wyoming.

5) Defendant's actions towards Plaintiff were a violation of Plaintiff's Fourth Amendment rights and constituted an illegal unreasonable seizure of Plaintiff's person by Defendant.

6) On or about August 5, 2018, the Defendant, Eric Norris struck Plaintiff in the face with a closed fist.

7) Defendant Norris struck Plaintiff without provocation, or good cause.

8) Defendant struck Plaintiff in the face while the Plaintiff's hands were hand cuffed behind Plaintiff's back.

9) Plaintiff was cooperative and not resisting his detention.

10) Plaintiff's hands were cuffed behind his back and he was in obvious pain with an obviously broken hand with bones protruding through Plaintiff's skin.

11) Plaintiff had just been assaulted by two unruly bar patrons and the owner of the bar, during which his hand was broken.

12) One of Plaintiff's assailants accused of Plaintiff of committing domestic battery against his wife while at the bar. However, the bar video footage does not show any such assault.

13) When law enforcement responded, Plaintiff was being restrained by his assailants who were preventing Plaintiff from getting help.

14) Plaintiff desired medical treatment and wanted to to avoid the cost of an ambulance and wanted his father-in-law to take him to the hospital.

15) Plaintiff was arrested for refusing medical treatment, and it was after being handcuffed for this arrest when Defendant struck Plaintiff without any justification or cause.

16) Not only did the police fail to conduct a reasonable investigation into the bar assault, the Defendant subsequently assaulted Plaintiff in violation of Plaintiff's civil rights by application of excessive force.

17) The Fourth Amendment is applicable because Plaintiff was detained without a warrant and Plaintiff was being held prior to a probable cause hearing.

18) The force used by Defendant against Plaintiff was excessive under an objective standard.

19) Defendant intended to use the the force he used.

20) The relationship between the need to use force and the amount of force used was excessive. The amount of force used by Defendant was excessive, especially in light of the lack of any need to use force.

21) Officer Norris did nothing to temper the degree of force used.

22) The severity of the circumstances was very low and Plaintiff was acting in a cooperative manner.

23) Plaintiff was further injured when he was handcuffed behind his back with a broken finger exposed and then manhandled onto the stretcher

with the broken hand underneath him causing Plaintiff needless additional pain.

24) Plaintiff was not actively resisting.

25) Plaintiff was in a defenceless position when Defendant struck him.

26) Defendant was in uniform when he responded to the scene in his marked patrol car and he was acting under color of law

27) Defendant was acting within the scope of his employment and he was acting in his law enforcement capacity as a City of Cheyenne Police Officer when he struck Plaintiff.

28) At the time Defendant struck Plaintiff, Plaintiff posed no risk to anyone.

29) Defendant's actions were unreasonable from the perspective of a reasonable police officer on the scene.

30) Defendant's actions were objectively unreasonable.

31) The acts and omissions of Defendant as set forth above have resulted in injury to Plaintiff. By virtue of these injuries, Plaintiff is entitled to damages for excessive force and the costs of this action, attorneys fees, and such other and further relief as this Court deems equitable and proper.

WHEREFORE, Plaintiff prays for judgement against the Defendant as follows: Plaintiff prays for damages in an amount which will fairly and justly compensate him for the violation of his civil rights, his pain and suffering, and his attorney fees pursuant to 42 U.S.C. § 1988; and for the costs of this

action and for such other and further relief as this Court deems equitable and proper.

JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiff demands that this matter be tried to a jury in Cheyenne, Wyoming.

Dated: June ___, 2020.

Travis Salway, Plaintiff, BY:


Mitch Guthrie
WSBA #6-2683 Plaintiff's Attorney
Phelan & Guthrie
1811 Evans Ave.
Cheyenne, WY 82001
(307) 630-6698
Wyomitch@hotmail.com

Complaint                                                                 Page 5 of 5
Salway v. Norris